IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAWN GARRETT | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-226 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Shawn Garrett, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #8.). As Respondent presented information outside the pleadings, the filing has been considered as a Motion for Summary Judgment. See FED.R.CIV.P. 12(d). The Respondent has also filed what has been construed as a Supplemental Motion for Summary Judgment (Doc. #14.).

Factual Background

In 2017, Petitioner was convicted of conspiring to possess with the intent to distribute methamphetamine in the United States District Court for the Western District of Texas. He was sentenced to 132 months of imprisonment and a 3 year term of supervised release.

Petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated the amount of earned time credits he is entitled to under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. He states he is eligible to receive time credits under the FSA and that he has participated in the required programming since before December 21, 2018, the date the FSA was enacted. However Petitioner asserts he has not been awarded all the time credits he has earned.

<u>The Motion for Summary Judgment</u>

Respondent contends the BOP has correctly calculated Petitioner's time credits. Moreover, Respondent states that as the BOP has correctly calculated and applied Petitioner's times credits, his Petition is moot. Attached to the Supplemental Motion for Summary Judgment is a Declaration from Deanne Moore, the Complex Case Management Coordinator at the Federal Prison Complex in Beaumont, Texas. Ms. Moore states, in part, as follows:

> I previously provided a declaration as part of this case which was filed with the court on January 23, 2023. As part of that declaration, I described the most recent time credit calculation for inmate Garrett, which had occurred on January 8, 2023. Since that time, the BOP has continued to refine and correct time calculations for inmates.
>
> One of the corrections made to inmate Garrett's First Step Act ("FSA") Time Credit assessment involved the calculation of their time credits, particularly involving when inmate Garrett began to earn 15 credits per 30 day [time period]. As part of the FSA, inmates earn 10 credits per 30 day time period, until they have received two consecutive assessments at either minimum or low risk for recidivism and their risk of recidivism has not increased. *See* 18 U.S.C. § 3632(d)(4)(A). Ordinarily, an inmate is classified within the first 28 days of their arrival at an institution. Inmates are then assessed at the regularly schedule[d] Program Review. Program Reviews occur once every 180 days. Inmates who were already at the institution when the First Step Act was enacted were considered to have [been] received with first assessment 28 days after the enactment, or on January 18, 2019. This assessment was based upon their most recent Program Review score.
>
> I have reviewed inmate Garrett's most recent FSA Time Credit Assessment. Since inmate Garrett was incarcerated, inmate Garrett has successfully participated in a total of 1862 days of [Evidence-Based Recidivism Reduction Programming ("EBRR") or Productive Activities ["PAs"]].
>
> Due to inmate Garrett having already been incarcerated at the time the First Step Act was enacted, Inmate Garrett received their First FSA Assessment on January 18, 2019, and he was scored as having a low recidivism risk. Inmate Garrett received their second FSA Assessment on July 17, 2019, and was scored as having a low recidivism risk. Because the July 17, 2019, [assessment] was inmate Garrett's second consecutive assessment with a low recidivism risk, he began to earn 15 time credits for every 30 day period. *See* 18 U.S.C. § 3632(d)(4)(A)(ii).
>
> Between December 21, 2018, and July 17, 2019, inmate Garret was successfully participating in [EBRR] Programs or [PAs]. During this period, inmate Garrett earned 10 time credits for every 30 day period. Inmate Garrett earned 60 time credits.
>
> Between July 17, 2019, and July 30, 2023, inmate Garrett was successfully participating in EBRR Programs or PAs. During this period, inmate Garrett earned 15 time credits for every 30 day period. Inmate Garrett earned 750 time credits.

> In total, inmate Garrett has earned, as of the date of this assessment, 810 earned time credits. If inmate Garrett is eligible to apply their time credits, 365 time credits would be directed towards effectuating an early release to supervised release. Inmate Garrett has had their sentence adjusted, by 365 days, from January 18, 2026, to January 18, 2025, in order to receive the benefit of these time credits.
>
> After subtracting the credits applied to an early transfer to supervised release, inmate Garrett would have 445 time credits which could be applied towards entering prerelease custody. As inmate Garrett has already entered prerelease custody, there is no other option available to them allowing for the utilization of these credits. *See* 28 C.F.R. § 523.44.

(Doc. #14-1, pp. 3-4.).

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

## Analysis

The FSA requires the BOP to evaluate each prisoner and determine the type and amount of EBRR programming that is appropriate to reduce their risk of recidivism. 18 U.S.C. § 3632(a)(3). Prisoners are to be provided with incentives to participate in EBRR programs, including the award of 10 days of time credits for every 30 days of successful participation in EBRR programming. 18

3

U.S.C. § 3632(d)(4)(A)(i).  A prisoner determined by the BOP to be at a minimum or low risk for recidivating who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful programming participation. 18 U.S.C. § 3632(d)(4)(A)(ii).  However, a prisoner may not earn credits for EBRR programs completed before December 21, 2018.  18 U.S.C. § 3632(d)(4)(B)(i).

Under the BOP's calculations, Petitioner has earned 810 days of time credits.  He earned 10 days per month for the period beginning on December 21, 2018, and ending on July 17, 2019, resulting in 60 days.  The BOP states Petitioner earned 15 days per month for the period beginning on July 17, 2019, and ending on July 30, 2023, for a total of 750 days.

As set forth above, Respondent contends that as Petitioner's time credits have been correctly calculated and applied, his petition is moot.  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  If a dispute ends or has otherwise been resolved, it has become moot. *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

Petitioner states he should have began to earn 15 days of time credits per month at least by December 21, 2019.  As a result of the BOP's recalculation of his time credits, Petitioner has been earning 15 days of time credit per month since July 17, 2019.  The dispute between the parties has therefore been resolved as Petitioner has been awarded the time credits he asserts he should have received.[1]

---

[1] As stated above, Petitioner has accumulated 810 earned time credits.  365 of his credits were used to reduce his term of imprisonment.  As Petitioner has already been transferred to prerelease custody, the BOP states there is no option available to him to use the remaining 445 earned time credits.  Petitioner asserts that the remaining 445 earned time credits should be used to reduce his term of supervised release.  However, absent a transfer of jurisdiction over a prisoner's term of supervised release, only the sentencing court has the authority to modify the terms of a prisoner's supervised release.  *Herndon v. Upton*, 985 F.3d 443, 447 (5th Cir. 2021).  As Petitioner was convicted in the Western District of Texas rather than in this court, this court may not direct that his term of supervised release be reduced.

As the dispute between the parties has been resolved, there is not a genuine dispute of material fact as to whether this Petition is moot. The Supplemental Motion for Summary Judgment should therefore be granted.

### Recommendation

Respondent's Supplemental Motion for Summary Judgment should be granted.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of September, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE